103 F.3d 119
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Linda C. ROBERTSON, Widow of Dareld Robertson, Petitioner,
v.
RO-FER ASSOCIATES, INCORPORATED; West Virginia Coal
Workers' Pneumoconiosis Fund, Respondents,
and
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Party in Interest.
 No. 96-1249.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 7, 1996.
Decided Nov. 21, 1996.
 
 S.F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West Virginia, for Petitioner.
 K. Keian Weld, Assistant Attorney General, Charleston, West Virginia, for Respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before RUSSELL and WIDENER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Linda Robertson, the widow of Dareld Robertson, a former coal miner, petitions for review of an order of the Benefits Review Board (Board) affirming an administrative law judge's (ALJ) denial of her application for black lung survivor's benefits. Benefits were denied based on the ALJ's determination that the evidence failed to establish pneumoconiosis or that pneumoconiosis contributed to the miner's death. See 20 C.F.R. § 718.205 (1996); Shuff v. Cedar Coal Co., 967 F.2d 977, 979 (4th Cir.1992). On appeal, Robertson contends that the ALJ erred by crediting Dr. Fino's finding of no pneumoconiosis because his finding is unexplained and contrary to the autopsy evidence. We disagree.
 
 
 2
 The autopsy report noted chronic obstructive pulmonary disease and anthracotic pigment. Because, however, Dr. Kshirsagar, who prepared the report, did not attribute the pulmonary disease to coal dust exposure, the finding of such disease did not equate to a finding of pneumoconiosis. See 20 C.F.R. § 718.201 (1996). Moreover, the regulations expressly state that a finding of anthracotic pigmentation is insufficient to establish the existence of pneumoconiosis. See 20 C.F.R. § 718.202(a)(2) (1996). Dr. Fino's report is therefore consistent with the autopsy evidence.
 
 
 3
 We also find that Dr. Fino clearly explained that his finding of no pneumoconiosis was based on the absence of evidence of pneumoconiosis on autopsy, the fact that the only X-ray of record was interpreted negatively by a "B" reader, and the miner's pulmonary function tests, which failed to reveal a respiratory impairment having a pattern consistent with pneumoconiosis. We note, however, that even if we agreed with Robertson that the ALJ erred by crediting Dr. Fino's report she could not prevail because she does not challenge the ALJ's reasons for rejecting the only medical reports tending to affirmatively support her burden. Thus, as the ALJ found, the result would be the same with or without Dr. Fino's report.
 
 
 4
 Accordingly, the decision of the Board is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED